IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                          No.  06-40079-04-SAC

TONY TRAN NGUYEN,
                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for release pending sentencing.  (Dk. 175).  Since his California arrest on felony drug trafficking charges in May of 2007, the defendant has been detained.  Though originally charged with controlled substance offenses punishable by a term of imprisonment of ten years or more that met the requirements for 18 U.S.C. § 3142(f)(1), the defendant pleaded guilty in May of 2008 to interstate travel in aid of the racketeering enterprise (distribution of cocaine hydrochloride) in violation of 18 U.S.C. § 1952. Thus, the defendant argues that he is not subject to the mandatory detention provision of 18 U.S.C. § 3143(a)(2) with reference to 18 U.S.C. § 3142(f)(1).  Under the provision of 18 U.S.C. § 3143(a)(1), the defendant argues he poses no flight risk as evidenced by his decision not to flee when

his co-defendants were arrested before him. Denying he poses a danger to the safety of another person or community, the defendant argues there is no evidence that he was directly involved in the actual distribution of drugs under the originally charged conspiracy.

"Pending sentencing, the presumption is that a defendant will be detained." *United States v. Ingle*, 454 F.3d 1082, 1084 (10th Cir. 2006); *see also* S. Rep. No. 225, 98th Cong., 1st Sess. 26 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News 3182 3209 ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal."). "To secure release on bail after a guilty verdict, a defendant must rebut this presumption with clear and convincing evidence that he is not a risk of flight or a danger to any person or the community." *United States v. Abuhamra*, 389 F.3d 309, 319 (2nd Cir. 2004) (citations omitted); *see United States v. Ingle*, 454 F.3d at 1084; *United States v. Nedd*, 415 F. Supp. 2d 1, 5 (D. Me. 2006); *United States v. Carter*, 2003 WL 21673830 at *1 (D. Kan. 2003) ("defendant bears the burden of proving he meets the conditions for release."). In evaluating the defendant's offered proof, the district court also should consider the factors enumerated in 18 U.S.C. § 3142(g). *See United*

*States v. Vance*, 851 F.2d 166, 169-70 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988); *United States v. Majors*, 932 F. Supp. 853, 855 (E. D. Tex. 1996).

The defendant cannot meet his affirmative burden of proof with blanket denials of evidence to support the risks of flight or danger. The pretrial services reports prepared in the Central District of California and the District of Kansas refute the defendant's summary position that there is no evidence. The defendant does not appear to have strong or close family ties to Kansas or California. He traveled outside of the United States in 2005 and 2006 and lived in Hawaii for two years. He does not own real property, and his last residence was for only the two months before his arrest. He was living with friends, a married couple, to whom he was paying rent. The California report includes a prior misdemeanor conviction for failure to appear. The defendant's arguments do not overcome the presumption of detention or the persuasive evidence of the defendant being a flight risk.

The defendant has two prior California felony convictions: possession of a controlled substance for sale in 1992 and possession of marijuana for sale in 1995. The defendant's prior drug-related convictions

as well as his admitted involvement in aiding and furthering the charged drug trafficking conspiracy are sufficient proof of the danger that the defendant poses to the community.  Because the defendant has not come forward with clear and convincing evidence that he is unlikely to flee and does not pose a danger to himself or the community, the presumption of detention in this case has not been rebutted.  The court finds that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant, as required, or the safety of the community.

IT IS THEREFORE ORDERED that the defendant's motion for release pending sentencing (Dk. 175) is denied.

Dated this 18th day of June, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge